IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

MILLENIUM INSTITUTE FOR ANC INC | CASE NO. 08-04767 BKT

Chapter 11

XXX-XX2518

FILED & ENTERED ON 03/31/2011

Debtor(s)

## OPINION AND ORDER

This proceeding is before the Court upon Puerto Rico Electric and Power Authority's ("PREPA") Motion for Adequate Protection and Allowance of Administrative Payment [Dkt No. 278]; Millenium Institute for ANC, Inc's ("Debtor") Reply to PREPA's Motion [Dkt. No. 280]; PREPA's Response to Debtor's Opposition [Dkt. No. 285]; and the Debtor's Sur-Reply [Dkt. No. 288].

## I. FACTUAL BACKGROUND

PREPA and the Debtor filed, and this Court approved, a joint stipulation regarding adequate assurance of payment in April of 2009 [Dkt. No. 96]. On July 6, 2009, PREPA also filed a motion to compel compliance with the settlement agreement [Dkt. No. 143], which was later approved by the Court at docket number 155.

The Debtor filed several proposed plans between June and December of 2009, the last of

1

which, filed on December 28, 2009, was confirmed by order of this Court on March 2, 2010 [Dkt. No, 252]. The confirmed Plan made no mention of the 2009 stipulation agreement. On December 6, 2010, the Debtor filed an application for Final Decree [Dkt. No. 277]. Three days later, PREPA filed a motion seeking enforcement of its 2009 stipulation [Dkt. No. 278]. The Debtor contends that PREPA's motion is untimely; that once a plan is confirmed, the bankruptcy court loses jurisdiction over the reorganized entity, except to the extent necessary to ensure compliance with the confirmed plan; and that the continuation of utility services post-petition and post-confirmation constitutes a waiver of any further request for adequate assurance. PREPA seeks to hold the Debtor to the terms of the stipulation approved by the Court.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

## II. LEGAL ANALYSIS AND DISCUSSION

Debtors request that this court enter the Final Decree because the confirmed Chapter 11 plan has been fully administered. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested

2

matters, and adversary proceedings have been finally resolved. 3 Collier on Bankruptcy ¶ 350.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). When these listed prerequisites have been met and the plan has been substantially consummated, the case should be closed. Id.

Three days after Debtor filed its application for the entry of the Final Decree, PREPA moved this Court to enforce the pre-confirmation stipulation that was approved nearly eight months prior to confirmation. This request was untimely under section 1141(b) of the Bankruptcy Code, which sets forth that, except as otherwise provided in the plan or the confirmation order, property of the estate vests in the debtor upon confirmation of the plan. Hence, the Court only retains jurisdiction to entertain matters regarding the confirmation order and the enforcement of the terms of the plan. At this point, the reorganized Debtor has assumed the business and management of the property in question. Payments have commenced, contested matters have been resolved, and it appears that all fees due under 28 U.S.C. §1930 have been paid. Thus, §350(a) of the Bankruptcy Code and Fed. R. Bankr.P. 3022 require this Court to enter a final decree closing this case.

Having found that PREPA's motion is untimely under §1141 of the Bankruptcy Code, this Court DENIES the same without prejudice to PREPA seeking any remedy it deems appropriate in the Courts of the Commonwealth of Puerto Rico. Debtor's application for Final Decree is hereby GRANTED.

**SO ORDERED.**

San Juan, Puerto Rico this 31 day of March, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

3